1:16-CV-116

RECEIVED

MAY 23 2016

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

PRINCIPAL BRIEF

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALIREZA BAKHTIARI | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | CAUSE NO.: NOT ASSIGNED |
| | ) | |
| RECKTENWALD | ) | |
| (WARDEN OF FCI MCKEAN) | ) | |
| RESPODENT. | ) | |

PETITION FOR HABEAS CORPUS
28 U.S.C. §2241

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

ALIREZA BAKHTIARI                    )
PETITIONER,                          )
                                     )
V.                                   )    CAUSE NO.: NOT ASSIGNED
                                     )
RECKTENWALD                          )
(WARDEN OF FCI MCKEAN)               )
RESPODENT.                           )

PETITION FOR HABEAS CORPUS
28 U.S.C. §2241

EXHIBIT 1.........................................GUILTY PLEA TRANSCRIPTS

EXHIBIT 2.........................................SENTENCING TRANSCRIPTS

EXHIBIT 3.........................................GUILTY PLEA AGREEMENT

EXHIBIT 4.........................................INDICTMENT (TWO COUNTS)

EXHIBIT 5.........................................PRO SE SENTENCING MEMORANDUM

EXHIBIT 6.........................................NEWSPAPER ARTICLE

EXHIBIT 7.........................................EMAIL CORRESPONDENCE

TABLE OF CONTENTS

Exhibit List......................................................Page II

Table of Contents................................................Page III

Nature of the Suit...............................................Page 1

Procedural History...............................................Page 2

Factual Background...............................................Page 4

Jurisdiction.....................................................Page 5

    Dorsainvil................................................Page 7

    Motion to Reserve Ruling-Retroactivity, Proce. Default...Page 7

    Circuit Foreclosure Standard..............................Page 8

    Actual Innocence Standard.................................Page 8

    Kramer v. Olson...........................................Page 10

    Waucaush v. United States.................................Page 10

    Summary of Jurisdictional Arguments.......................Page 11

Obstruction of Justice...........................................Page 12

    Obstructive Conduct under 1512(c)(2)......................Page 16

Notifying of the Nature of Charges...............................Page 18

    Elonis v. United States...................................Page 20

    Burrage v. United States..................................Page 21

    United States v. Petruk...................................Page 24

Harmlessness Analysis............................................Page 27

United States v. Goldstein.......................................Page 28

Guilty Plea-Voluntary,Intelligent, Knowing Standard.............Page 28

Davis v. United States...........................................Page 31

Actual Innocence of Sentence.....................................Page 32

Summary of Arguments.............................................Page 33

Signature Page...................................................Page 35

IN THE UNITED STATES DISTRICT COURT
WESTERN·DISTRICT OF PENNSYLVANIA

ALIREZA BAKHTIARI            )
PETITIONER,                  )
                             )
                             )
V.                           )
                             )
                             )
RECKTENWALD                  )
(WARDEN OF FCI MCKEAN)       )
RESPONDENT.                  )

PETITION FOR HABEAS CORPUS
28 U.S.C. § 2241

COMES NOW, Alireza Bakhtiari ("Bakhtiari"), an inmate in federal custody in
FCI McKean, Bradford-Pennsylvania, and moves this Honorable Court for relief
under habeas corpus, particularly under the savings clause provision of
2255(e). In support states as follows:

### Nature of the Suit

This petition is a classic and surprisingly undistinguishable case from
In re Dorsainvil, 119 F.3d 245 (3rd Cir. 1997). Bakhtiari's last attempt
to attack his convictionn ended on or about November 26th,·2013, when he filed
his traverse in support of his petition for relief under 28 U.S.C. § 2255 with
the United States District Court for Eastern Missouri. Afterwards, passed
Bakhtiari's chances provided by 2255, three paradigm shifting opinions were
issued, two by the United States Supreme Court, one by the Eighth circuit
(where Bakhtiari was sentenced.).

Each and every one of these intervening changes in  substantive law,
taken together or individually, renders Bakhtiari's Guilty Plea constitutionally
infirm. Each and every one of these intervening changes in substantive law,
taken together or individually, call Bakhtiari nothing but actually innocent of
the undelying substantive crime, to which he pleaded guilty back in 2012. As
the record establishes, back in 2012, Bakhtiari pleaded guilty to causing a
threatening message to be sent in order to obstruct an official proceeding.

(attempt to obstruct an official proceeding under 18 U.S.C. § 1512(c)(2) ).

If there is one case in the jurisprudence of post-conviction litigation, pursuant to Bousley v. United States, 523 U.S. 614 (1998), and pursuant to Davis v. United States, 417 U.S. 333, 41 L.Ed.2d 109, 94 S.Ct. 2298 (1974), to establish one's actual innocence, that would be Bakhtiari's case.

## Procedural History

1. Indictment: On or about March 14th 2012, a grand jury from the Eastern District of Missouri indicted Bakhtiari for communicating a threatening message on internet under 18 U.S.C. § 875(c). United States v. Bakhtiari, 4:12-CR-97-ERW.

2. Guilty Plea Negotiations and Agreement (Exhibit 3): After a period of discovery and pre-trial preparations, the government conceded that they could not prove that Bakhtiari was the author and/or the sender of the threatening message at issue, which a local attorney in St. Louis had received. The government proposed a "causation theory", that Bakhtiari had caused the threatening message to be sent. The government conceded to dismiss the initial count of indictment with prejudice. The Guilty Plea Agreement ("GPA") is silent as to whether Bakhtiari was a minor cause (contributor) or the but-for cause for the formation of the email. On or about August 7, 2012, Bakhtiari pleaded guilty to count two of a superceding indictment, which alleged that Bakhtiari had attempted to obstruct an official proceeding (Exhibit 3) (18 U.S.C. § 1512(c)(2) ).

3. Prior to entry of the Guilty Plea, on the same day, the government filed its superceding indictment (Exhibit 4).

4. Sentencing: On or about November 19, 2012, Bakhtiari was sentenced to 51 months in custody followed by three years of supervised release. Bakhtiari's base offense level (14) was enhanced by 8 levels under § 2J1.2(b)(1)(B) for inclusion of a threat of physical injury. The offense level was also enhaced by 2 levels under §2J1.2(b)(3)-(C) for extensive planning and preparation involved. When Bakhtiari raised the dichotomy inherent within the causation theory and language at the time (but-for

cause versus minor cause) Honorable Judge Webber (the sentencing Judge)
preceived such argument as refusal of responsibility and denied Bakhtiari the
two-level reduction for acceptance of responsibility.

5. Direct Review: The 8th circuit court of appeals affirmed Bakhtiari's conviction
and sentence.

6. 28 U.S.C. § 2255: Bakhtiari finished briefing the District Court on or about
November 26th 2013. Judge Webber denied Bakhtiari's 2255 motion in March of 2014,
Bakhtiari v. United States, U.S. District Court, Eastern Missouri, Lexis 38822,
4:13-CV-1344-ERW (Denied March 24, 2014).

7. Certificate of Appealability: The 8th circuit denied COA, hearing and rehearing
en banc on or about September 5th 2014, Bakhtiari v. United States, 2014 U.S. App.
Lexis 17286 No. 14-1695 (Sep 5, 2014).

8. Burrage v. United States, 134 S.Ct. 881, 187 L.Ed.2d 713 (S.Ct. Jan 27, 2014):
Intervening change in the substantive law (Burrage)- The Supreme Court overturned
a conviction out of the 8th circuit (Bakhtiari's circuit of conviction and
sentencing) based on the very dichotomy which Bakhtiari raised at the time of
his guilty plea and sentencing (but-for versus minor causation). Surprisingly,
as if speaking prophetically, the Supreme Court reiterated the exact same thing
which Bakhtiari raised at his guilty plea negotiations, hearing and sentencing
hearing.

9. Petruk v. United States, 781 F.3d 438 (8th Cir. decided March 23, 2015):
Intervening change in the substantive law (Petruk)- The circuit busting case,
Petruk , added the element of nexus to the proof required for the very crime which
Bakhtiari pleaded guilty to (18 U.S.C. § 1512(c)(2), obstruction of official
proceedings). This very issue, surprisingly, is what Bakhtiari invoked in his guilty
plea negotiations, guilty plea hearing, and numerous times in his sentencing.

10. Elonis v. United States, 135 S.Ct. 2001, 192 L.ed.2d 1 (S.Ct. decided June 1,
2015): Intervening change in substantive law (Elonis)-

Out of this circuit, the Supreme Court overturned the conviction of a defendant based on the substantive issue within the jurisprudence of threats (subjective intent v. general intent). Again, surprisingly, as if speaking prophetically, the Supreme Court sided with Bakhtiari, as Bakhtiari set forth in his guilty plea negitiations and hearing, and in his sentencing hearing. The obstructive conduct at issue is "causing a threat to be sent". According to the Supreme Court, a true threat requires subjective intent as it crucial element.

### Factual Background

In 2009, Bakhtiari sued his former employer, a local college in St. Louis-Missouri over labor law related issues. In the civil matter, B.H.-a local lawyer, represented the college defendants collectively. B.H. approached Bakhtiari and begged for an early settlement. Bakhtiari conceded, the matter settled. In 2010, the same defendants issued a defamatory publication about Bakhtiari. Bakhtiari sued. B.H. came forth, again, beseeching for early settlement. Foolishily so, Bakhtiari conceded again. Then soon after, in 2011, the very same civil defendants (mainly a disgruntled former lover of Bakhtiari, the college's dean) defamed Bakhtiari again. Bakhtiari sued. Came forth the usual pan handler- B.H., again entreating for early settlement. This time around, Bakhtiari decided to rigorously prosecute the matter and insisted on a civil discovery.

In January of 2012, in the heat of civil discovery and litigation, Bakhtiari suspected improper conduct in civil defense, amongst the lawyers representing the defendants, a possible connection between B.H. and some of the witnesses. Bakhtiari began investigating B.H. In this investigative work, using his work computer at the water quality laboratory of the City of St. Louis, Bakhtiari viewed pictures of the wedding party of B.H.'s son. Later that month, allegedly, B.H. received a threatening email at work, which had images of his son and his daughter-in-law at its enclosure. A viewing scope was super-imposed on the face of the son and daughter-in-law. The text of the email referred to B.H. as a "cunt" and drug-user.

Under the old law (general intent) this was a preceived threat by a reasonable
person. With little to no evidence to indict, Bakhtiari was indicted under
18 U.S.C. § 875(c).

In pre-trial stages, Bakhtiari posed these critical questions of law,
which speak to the heart of the alleged "obstructive conduct" and the heart
of his guilty plea: 1) What constitutes a true threat? is general intent adequate?
2) How does Bakhtiari's alleged conduct (causing a threat to be sent) link to
the proceedings which he allegedly attempted to obstruct? 3)What does "causing a
threat to be sent" mean?? Bakhtiari was told he was a minor cause, but later on
taken as the "but-for" cause.

After Bakhtiari finished briefing the 2255 court and the 2255 proceedings
ended, the Supreme Court and the 8th circuit began answering these questions one
by one.

### Jurisdiction of This Honorable Court Under 2255(e)-Savings Clause

Bakhtiari is actually innocent of the underlying substantive crimes,
both the counts indicted in his superceding indictment. Bakhtiari, as of this day,
is actually innocent of the obstruction charge (18 U.S.C. § 1512(c)(2)) and the
threat charge (18 U.S.C. § 875(c)). The threat count was dismissed at government's
request, after they realized they could not prove. Under the new law (Elonis),
Bakhtiari is actually innocent of the threat charge. No facts admitted to in the GPA
would make Bakhtiari guilty of this count. The indictment, read on its face, does not
even allege an existing crime, it alleges a none-existent crime. As the GPA reads
on its face, and as the indictment reads on its face, Bakhtiari is actually innocent
of count two (obstruction 18 U.S.C. § 1512(c)(2)). As of today, after Petruk, after
Elonis, and after Burrage, count two of the indictment alleges a non-existent crime.

This Honorable Court is well versed in the law of Dorsainvil, savings clause,
and when the jurisdictional gate is open to a federal inmate. For the purposes of
argument, Bakhtiari sets forth the Dorsainvil standard as accepted in the third

circuit. This Honorable Court has jurisdiction to hear Bakhtiari's actual
innocence claim. This Court has jurisdiction under the savings clause:

1) Bakhtiari alleges that he is actually and factually innocent of both crimes
alleged in the superceding indictment. Infra, Bakhtiari will set forth the legal
standard heeded by the third circuit.

2) As cited supra in procedural background, based on the timing of issuance of the
three interveing changes in substantive law, 2255 is inadequate and ineffective in
affording Bakhtiari a chance to set forth his claim of actual innocence. Bakhtiari
has had, could have had, no opportunity to make a showing of his actual innocence.

Not only that Bakhtiari is actually innocent, but also vividly, Bakhtiari
has been unable to bring the claim previously because of a change in construction of
the relevant criminal statutes by the court having the last word on proper
construction of the statutes. The intervening changes rendered what the court, the
prosecutor and the defense counsel and Bakhtiari himself thought to be criminal,
no longer a crime, See Pollard v. Yost, 406 Fed. Appx. 635, 637 (3rd Cir. 2011),
cert. denied 131 S.Ct. L.Ed.2d 901 (2011), See also Walker v. Williamson, 235 Fed.
Appx. 888, 889 (3rd Cir. 2007).

Bakhtiari's case is very unique and very much over-loaded by undistinguishable
features from Dorsainvil, Bousley and Davis. After Bakhtiari's 2255 was litigated and
adjudicated, two circuit busting cases were decided by the Supreme Court and the
Eighth circuit. After Bakhtiari finished briefing the court in his 2255 motion, in
November of 2013, while waiting for a decision from the sentecing court on 2255,
the Supreme Court decided Burrage. Burrage ruled with Bakhtiari. The prosecution
has the burden to both specify and prove that Bakhtiari was the but-for cause
of the email and not only a minor contributor. Infra, Bakhtiari will set forth that
his GPA and sentencing transcript are peppered by various tenses of the verb "cause",
in a vague and tongue twisted fashion calling Bakhtiari the "cause" to formation
of the threatening email which is the underlying conduct for obstructing justice.

Infra, in details, Bakhtiari will discuss each intervening change in the subtantive law, and that how each one separately, or all three taken together, have rendered Bakhtiari's guilty plea constitutionally infirm, as being unknowing, unintelligent and involuntary.

<u>Almost Circuits-wide Approval of Dorsainvil</u>

Amongst many appellate opinions in various circuits, is a case-law analyzer and case-collector opinion from the **Ninth** circuit which cites <u>Dorsainvil</u> with approval, stating further:

> "Although the precise fomulations vary, each of those cases holds, in essence, that a federal prisoner who is actually innocent of the crime of conviction, but who hever has had an unobstructed procedural shot at presenting a claim of innocence, may resort to 2241 if the possibility of relief under 2255 is foreclosed."

> See <u>Lorensten v. Hood</u>, 223 F.3d 950, at 954 (9th Cir. 2000)

Actual innocence of the underlying substantive crime is the centerpiece of the meter for all similar opinions to test "ineffectiveness and inadequacy" of 2255. This actual/factual innocence, not legal innocence is Bakhtiari's claim and his difference from hundreds of canned inmate motions who proclaim <u>Dorsainvil</u> before this court.

Read against the law, after the intervening changes in its substance, Bakhtiari is actually/factually innocent of the crime which he mistakenly pleaded guilty to, and the one which the government initially indicted and later on dismissed voluntarily. Bakhtiari is not claiming legal innocence, neither is he making a senteceing error claim.

<u>Bakhtiari's simultaneous motion to reserve ruling on Retroactivity and Procedural Default Issues</u>

Procedural default and retroactivity are two affirmative defenses which the government may or may not assert, and may or may not concede to. Addressing these two complex and extensive legal doctrines prior to government invoking them would be unsound and fly in the face of judicial restraint.

Bakhtiari respectfully submits that these three intervening changes in substantive law are retroactive. He also vehemently submits that in a timely manner he has previously raised and preserved these arguments in his pre-trial, guilty plea negotiations, guilty plea hearing and sentencing hearing and in his 2255. For the sake of judicial restraint, Bakhtiari moves in a separate motion, simultaneous to foregoing, that this Honorable Court reserve ruling on the issues of retroactivity and procedural default, and allow further briefing by Bakhtiari, if, the government raises such defenses.

Circuit Foreclosure Standard

Elonis, Petruk and Burrage, are all three new rulings which were not available to Bakhtiari before, no one, not even the Court could reasonably foresee them, Reed v. Ross, 468 U.S. 1,16, 82 L.Ed.2d 1, 104 S.Ct. 2901 (1984).

As set forth infra, there were well-established circuit law which foreclosed Bakhtiari and precluded any challenge under each relevant law (threat, obstruction and causation). Erroneous circuit foreclosure test is a doctrine which many of the sister circuits of this circuit have adapted when evaluating savings clause in intervening changes of the law, see In re Davenport, 147 F.3d 605, 610 (7th Cir. 1998), Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001), Triestman v. United States, 124 F.3d 361, 363 (2nd Cir. 1997), In re Jones, 226 F.3d 328, 332-34 (4th Cir. 2000), Martin v. Perez, 319 F.3d 799, 804-5 (6th Cir. 2003). Any of the decisions on which Bakhtiari relies in this case, in every aspect of his guilty plea, is circuit-law buster, as defined above in Davenport, Jones, Triestman etc.

Actual Innocence Standard

Actual Innocence is not a constitutional claim in and of itself. But it is a gateway which opens the jurisdictional gate to allow consideration of a prisoner's constitutional claims, See Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct., 112 L.Ed.2d 203 (1993). To show actual innocence, the prisoner should show that a constitutional

violation lead to his conviction, except for such constitutional error, no
juror would have convicted this prisoner, See Schlup v. Delo, 513 U.S. 298, 327,
115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In Bakhtiari's case there were no jurors,
he pleaded guilty to count two of the superceding indictment. But Bakhtiari does
make a colorable showing that a post plea interpretation of the relevant laws have
rendered his guilty plea  constitutionally invalid, so was the case in Bousley,
See Bousley at 523 U.S. 623.

There is no evidence, not presented by the government, not present in
GPA and not even alleged that would show under the light of the new law, the new
material, crucial and critical elements extracted from the two statutes at issue
(18 U.S.C§ 875(c) and 1512(c)(2), threat and obstruction) by the new rulings of
the Supreme Court and the Eighth circuit in Elonis, Petruk and Burrage, that
Bakhtiari can be guilty of any criminal conduct. This covers all counts in the
initial and superceding indictments combined, as Bousley instructed in page 624.
In fact, Bakhtiari raised claim of actual/factual innocence to the threat count
(Count one under 18 U.S.C § 875(c)) in his pre-trial stages, guilty plea negotiations,
guilty plea agreement, guilty plea hearing and sentencing hearing, appeal and
2255 pleadings. Bakhtiari never pleaded guilty to that count, he never would  since
he is actually/factually innocent of threatening anyone. The government conceded as
much.

The prisoner can show actual innocence by showing: 1)a new interpretation
of statutory law; 2)after petitioner's collateral attack was finalized; 3)that
is retroactive; 4)under the new interpretation issued a jury would have found him
actually innocent of the charged offenses. See Wooten v. Cauley, 677 F.3d 303, 307
(6th Cir. 2012). "Erroneous specification of prisoner's offense in the indictment,
plea agreement and Judgment of conviction...[presents]...unusual and compelling
circumstances for federal post-conviction relief", See Robinson v. Ledezma, No.
10-6123, 399 Fed. Appx. 329, at page 1 (10th Cir. 2010, unpublished).

<u>Robinson</u> and <u>Wooten</u> describe Bakhtiari's situation at so many levels.

The doctrine of actual innocence, though very intermingled with that of miscarriage of justice, should be coupled with a colorable constitutional claim to allow a habeas petitioner to proceed, See <u>Schlup</u> at 316. Bakhtiari respectfully submits that he has a colorable claim of actual innocence, which is coupled with non-harmless constitutional violations, which easily satisfy the narrow and rare window of exception made available through the savings clause.

<u>Kramer v. Olson</u>–Actual Innocence

A prisoner is actually innocent if he "admits every thing charged in the indictment, but the conduct no longer amounts to a crime under the statute as <u>correctly undrestood</u>", <u>Kramer v. Olson</u>, 347 F.3d 214, 218 (7th Cir. 2003). Read under the new statutory interpretations, Bakhtiari's indictment (March 2012), his superceding indictment (August 2012) and his GPA (August 2012), none amounts to any criminal conduct: be it sending a threat via internet, or causing a threat be sent, or obstructing justice, or causing a threat which obstructs (attempts to obstruct) justice.

<u>Waucaush v. United States</u>–Actual Innocence

Bakhtiari borrows a very illustrative explaination of actual innocence from Judge Cole of the sixth circuit court of appeals, which is very befitting to Bakhtiari's guilty plea:

> "Imagine [Bakhtiari] admitted to stealing apples from the post office, [Bakhtiari] was advised by the counsel and the court that apples were vegetables, pleaded guilty to "stealing vegetables from a federal building". If the Supreme Court later held that, as a matter of law, apples were not vegetables, [Bakhtiari] would be <u>actually innocent</u> of "stealing vegetables". Just as [Bakhtiari's] misinformed admission of this legal conclusion would not have turned apples to vegetables, his guilty plea [would be unconstitutional]"

See <u>Waucaush v. United States</u>, 380 F.3d 255 (6th Cir. 2004)

Even if Bakhtiari's advisors, the court, the prosecutor, all acted in genuine good faith, would not remedy the very fact that Bakhtiari was mislead, along

with the rest of all involved, about the law and how it applies to the facts, with both counts charged in the superceding indictment. Bakhtiari pleaded guilty to a crime which he had not committed. Bakhtiari was sentenced to be punished for a conduct which the law does not make a crime. This is "inherently...a complete miscarriage of justice and presents exceptional circumstances that justify collateral relief..." See Davis, 417 U.S. 333 at 346-47, 41 L.Ed.2d 109, 94 S.Ct. 2298 (1974), See also Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

Bakhtiari and Davis at least mirror each other in one aspect. In Davis, the Ninth circuit changed its scope of Selective Service Act, under the new Ninth circuit ruling, Davis' conduct was no longer a crime. The Ninth circuit's new ruling saved Davis from a miscarriage of justice, Supreme Court saw to it that the right thing was done. This Honorable Court, based on Elonis, Petruk and Burrage, should do the same for Bakhtiari.

The circuits are in agreement at least on this point—miscarriage of justice, to be avoided when the movant is actually innocent; See Triestman at 377-80, See Dorsainvil at 248, See Wofford at 1243-44, See In re Davis, 130 S.Ct. 1,1,174 L.Ed.2d 614 (2009).

## Summary of Jurisdictional Arguments

1- Bakhtiari has not had an unobstructed procedural shot to bring his actual innocence, set forth in this motion, before any court. There is circuits-wide agreement that he should be given this opportunity: See Reyes-Requena, 243 F.3d at 903. See Davenport, 147 F.3d at 609. See In re Jones, 226 F.3d 328, 333-34.

2- The legal developements brought by the intervening law are all novel, previously not available to Bakhtiari. They all rose after Bakhtiari exhausted his 2255. The law changed in a fashion directly speaking to Bakhtiari's conduct and alleged crimes and their crucial elements, after his 2255 motion: See Harrison v. Ollison, 519 F.3d 952 at 959 (9th Cir. 2008).

See also <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1061 (9th Cir. 2003).

3- Bakhtiari was <u>foreclosed by adverse</u> circuit and supreme court precedents at the time of his 2255. This barrier is now removed by statutory interpretations brought by the Supreme Court.

Bakhtiari's Crime: Obstruction of An Official Proceeding ("attempt")
18 U.S.C. § 1512(c)(2)
EXHIBIT 3—GUILTY PLEA AGREEMENT

The elements of this crime, at the time, as was the understanding of the 8th circuit (as of June 29, 2012) were set forth in Bakhtiari's GPA as follows, and were read alound in his Guilty Plea Hearing. The elements are as follows:

> " 1) There was an official proceeding taking place;
> 2) the defendant engaged in conduct which constituted a substantial step toward commission of the crime of obstruction of an official proceeding;
> 3) the defendant did so corruptly, that is, with an improper purpose and to engage in conduct knowingly and dishonestly with specific intent to subvert, impede or obstruct the official proceeding and
> 4) the natural and probable effect of the defendant's conduct would be the interference with due administration of justice."

According to the counsel, prosecutor and the court, "causing a threatening email to be sent" satisfied the second element (conduct-substantial step). The general intent behind the causing/threatening act satisfied the third element (intent). Or at least, this is what the court and the counsel undrestood at the time and explained to Bakhtiari to be. <u>Elonis</u> changed the meaning of threat, there is no longer a conduct to satisfy element one. <u>Burrage</u> changed the meaning of cause as asserted in Bakhtiari's GPA, and as was explained to him at the time (but-for cause v. contributing cause). <u>Petruk</u> added a whole new element (nexus) which was not even explained to Bakhtiari at the time and was not even cited in his GPA.

The nature of these very questions: what is a true threat? is Bakhtiari the but-for cause or a minor cause? how does Bakhtiari's conduct link to the proceedings at issue (nexus)? became so intense and controverted within the

defense team, between Bakhtiari and his counsel, that attorney Andrea Smith (the court appointed counsel) decided to leave the case and leave Bakhtiari to proceed in pro se at his sentencing. The convolution of these questions and misundrestandings of law versus facts caused an "impasse" as she referred to it: See Sentencing Transcripts (Sc-Tr) page 2, lines 19 to 24 (Exhibit 2-page 2). Attorney Smith raised the same issue (impasse) at the Guilty Plea Hearing and informed the Judge that she had to leave (withdraw), See Guilty Plea Transcript, Page 28, Line 3 to line 25 (See Exhibit 1, Page 28). Later on, after Bakhtiari exhausted his 2255, the supreme court and the Eighth circuit clarified these questions, the ones which caused the <u>impasse</u>.

Another critical issue is who would set forth the factual background of such important document (GPA) in passive voice? shouldn't the party responsible for each conduct be specifically clear? Exhibit 3 (GPA), page 3, the last paragraph states as follows:

"On January 11, 2012, while in Eastern District of Missouri, <u>the defendant</u> intentionally accessed the website of a wedding photographer located in State of Florida. From the wedding photographer's website, <u>the defendant</u>downloaded photographs from the recent wedding of the son and daughter-in-law of B.H."

This statement is true, accurate and clear. Bakhtiari did so. He did so in the process of investigating B.H. The same document (GPA), in the same breath, same paragraph, states as follows:

"Two of the photographs <u>were then doctored and altered</u> to impose rifle cross-hair graphics on the face of B.H.'s son and daughter-in-law. On January 15, 2012, <u>the defendant caused an anonymous email to be sent to B.H.</u> In an attempt to render the email untractable, <u>the email was sent through</u> a wireless internet router located at a motel off a highway in rural Missouri, using an anonymous web-based email account which <u>was created</u> using the names of B.H's son and daughter-in-law. The email referred to B.H. in obscene abusive terms."

Why the passive voice? is Bakhtiari responsible for these actions and conducts or not? is Bakhtiari the author and sender of the threat? if so, then what is wrong with such language: "Bakhtiari sent the threatening email to B.H." but there is no such language in GPA. Tongue twisted and mealy mouthed expressions in GPA was a calculated and intended nature created and engineered in GPA-a critical

document which the government drafted itself. Attorney John Sauer, the Assistant US Attorney drafted this document. Exhibit 3 (GPA), after the above statement states as follows at page 4:

> "The defendant intended the natural and probable consequence of these actions, i.e..."

The only actions which the document ascribes and attributes to Bakhtiari are, as specified above, accessing the website of the wedding photographer and downloading photographs, the rest of the actions (conduct specifics) are in passive voice. Accessing the website of the wedding photographer and downloading photographs of B.H.'s son and daughter-in-law are not crimes and do not satisfy any of the elements of either of the crimes charged, not the threat and not the  obstruction, not before and not after the intervening changes in the law. English is Bakhtiari's third language as he explained to the court numerous times. But even for a native speaker, even for a lawyer, this text and language does not ascribe wrong-doing to Bakhtiari, not under the old law, and not under the new law.

Prior to entering a guilty plea, after long arguments with his own counsel and the counsel for the government about these critical questions of law,which are now resolved in Bakhtiari's favor by the highest court, Bakhtiari decided to bring these questions to the attention of the sentencing Judge (Hon. Judge Webber of Eastern District of Missouri). In Guilty Plea Hearing, Bakhtiari stated to the Judge as follows, as he addressed the court, See Exhibit 1, Page 37, Lines 1 to 7:

> "And my concern is that due to the illusive language that maybe raised from the plea agreement in the sentencing motion [the prosecutor] may become angered and proclaim that he will have to assert his count I, or he will have to take away the tw-level reduction that we talked about. I am not clear at this point if we can basically stipulate..."

This was only one of the instances where Bakhtiari, as a layman to the law, pleaded to the Judge for further clarification. In another place, in his sentencing brief, Bakhtiari attempts to seek clarity in the issue:

"The government saw that it could not prove guilt under
18 U.S.C. ¶ 875(c). It has now **reverted to vagueness**. While
18 U.S.C § 1512(c) was part of an appropriate collective
response to exigent social ills, close examination of its
terms reveals a potential for abuse...See "Corruption of
a term: The Problematic Nature of 18 U.S.C § 1512(c)..."

See <u>Exhibit 5, Page 8, Vagueness and Problematic...</u>

As if speaking prophetically, Bakhtiari emailed from pretrial release, and

contacted government's counsel (Mr. John Sauer) and his own counsel (Andrea Smith),

and begged for clarification for his alleged obstructive conduct-causing threat. In

this email (Exhibit 7) Bakhtiari requests for clarification as follows: "...This

may hint about Bakhtiari's <u>mens rea</u>, but the government must show <u>actus reus</u>..."

This very question, <u>mens rea versus actus reus</u> in jurisprudence of threats is

the sole issue which came from the Third circuit before the Supreme Court in <u>Elonis</u>

for resolution.

The superceding indictment (Exhibit 4), count I, states the pre-Elonis

elements for 18 U.S.C § 875(c), assuming sufficiency of general intent, and gives

no indication of specific intent. This count is substantial since speaks to

the heart of count II, **the** underlying  substantive conduct for count II, is count

I (threat). Count II, alleges as follows:

" From January 11, 2012 to January 18, 2012, in St. Louis county,
in the Eastern District of Missouri and elsewhere [defendant] did
corruptly attempts to obstruct, influence, and impede an official
proceeding, to-wit, the federal civil lawsuit..."

See <u>Exhibit 4.</u>

Bakhtiari fought, argued and pleaded with his counsel and the prosecutor at

the time this information was proposed (few minutes prior to changing of the plea),

about the **nexus**. Where is the link? what is the nexus? From January 11, 2012 to

January 18, 2012, Bakhtiari reasoned, he did numerous things: he ate a chicken sandwitch,

walked his dog, he...He also did things in connection with the civil lawsuits. He

talked with B.H. and B.H.'s colleagues on the phone and on email. He appeared

in their lawfirm to hand over civil digital discovery material. He filed motions

with the civil court in US District Court of Eastern Missouri,he...but the nexus
requirement, the one the 8th circuit clarified in Petruk, was missing both in the
indictment and in the GPA language.

About the obstructive conduct, and how it is/was vulnerable to Elonis
decision, no one gave the Achille's heel better than the government's counsel
himself:

> " In addition to that, for the---on the basis of the language
> I have just read from the stipulation of the facts in plea
> agreement, I would remind the court that this threat was an
> active obstruction of justice, which was to prevent the
> discovery of..."

See Exhibit 2-Sc-Tr-Page 139, Lines 15 to 22.

Arguendo, let's grant government's wish for a moment, let's imagine Bakhtiari
has not been "the cause" to the formation of threat, as craftily averred in the
GPA. Let's imagine Bakhtiari, a cyber forensics expert himself, was stupid enough
to sit at a computer somewhere and email B.H. the threat. Let's come out and openly
proclaim Bakhtiari sent the threat. Pre-Elonis, that email is no longer a true threat,
since the indictment and GPA and plea colloquy all miss the specific intent requirement.
The government itself is not even alleging specific intent at this time.

No matter who sent the threat; no matter whether Bakhtiari was the minor cause
or the but-for cause, the email is not a true threat. There is no obstructive conduct,
there is no obstruction. The email, whoever sent it, caused it, contributed to, is
no longer proscribed by the congress. No longer is a criminal conduct. The government,
spoke it's misundrestanding of the law at the time, along with that of Bakhtiari and
that of the court.

Obstructive conduct under 18 U.S.C. 1512(c)(2)

Sentencing guidline, §3C1.1 lists a series of obstructive conducts. Note
4.A: Threatening, intimidating...  A close causin of 1512(c), 18 U.S.C. § 1503, states
of the conduct: "Whoever corruptly, or by threats or force, or by any threatening
letter or communication, endeavors to influence..." There is no question, as the