IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIREZA BAKHTIARI, ) | |
| ) | Civil Action No. 1:16-cv-116 |
| Petitioner, ) | |
| ) | District Judge Joy F. Conti |
| v. ) | Magistrate Judge Susan Paradise Baxter |
| ) | |
| MONICA RECTENWALD, ) | *(Filed Electronically)* |
| Warden, FCI McKean, ) | |
| ) | |
| Respondent. ) | |

### RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Alireza Bakhtiari filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenges his conviction from the United States District Court for the Eastern District of Missouri asserting that he is factually innocent of his crimes of conviction – interstate transmission of a threatening communication in violation of 18 U.S.C. § 875(c) as well as obstruction of justice in violation of 18 U.S.C. § 1512(c)(2).  As to the § 875(c) conviction, Petitioner asserts that he is innocent of that count and as to the § 1512(c)(2) conviction, Petitioner asserts that the government agreed to dismiss the threatening communication charge.   As further explained below, the Petitioner has failed to meet the "actual innocence" standard and accordingly, his requested relief should be denied and the Petition should be dismissed.

### FACTUAL BACKGROUND

Petitioner is a federal inmate incarcerated at the Federal Correctional Institution McKean in Bradford, Pennsylvania ("FCI McKean").   Petitioner pled guilty and was sentenced in the United States District Court for the Eastern District of Missouri in Criminal Case Number 12-CR-97-001, (E.D.Mo) to a 51-month term of imprisonment.   Assuming he receives all good

conduct time available to him pursuant to 18 U.S.C. § 3624(b), Petitioner's projected release date is January 17, 2017. See Ex. 1, Gallagher Declaration and Ex. 2, Public Information Inmate Data.

The Petitioner pled guilty to an obstruction of justice charge under 18 U.S.C. § 1512(c)(2) on August 7, 2012. See Ex. 3, Amended Memorandum and Order. The facts of his case are well summarized in the Eighth Circuit opinion affirming his conviction. Bakhtiari, 714 F.3d 1057, 1059-1061 (8th Cir. 2013). See Ex. 4, Opinion. The court relied upon the factual statement in the guilty plea agreement as well as the evidence adduced in the extensive sentencing hearing. The Petitioner's actions centered on a defamation suit brought by the Petitioner in the Eastern District of Missouri against a corporation with which he had a contentious history. An attorney for the corporation made a motion for sanctions against the Petitioner who had failed to comply with a court order directing him to make his computer available for inspection. The day after the filing of the motion, the corporate attorney received an e-mail containing obscene and abusive language and pictures of the attorney's recently-married son and daughter-in-law with rifle cross-hairs imposed on their faces. The corporate attorney took the e-mail as a threat. A few days later, a colleague of the corporate attorney along with expert witnesses went to the Petitioner's residence to inspect his computer. While at the residence, the Petitioner pulled out a hunting rifle with an affixed scope. The Petitioner popped a bullet from the chamber and asked the attorney colleague if he wanted it. The colleague took the display of the rifle as a message that the Petitioner had sent the e-mail and was willing to carry out the implied threat.

Subsequently, a search warrant was executed on the Petitioner's workplace computer which revealed that he had researched the wedding photos of the corporate attorney's son and

daughter-in-law and that the computer also contained their photos with cross-hairs imposed. The e-mail had been sent from a remote location and the Petitioner's cell phone location "hit" on a cell tower near the location at the time the e-mail was sent.

On March 14, 2012, the petitioner was indicted for sending a threatening communication via interstate commerce in violation of 18 U.S.C. § 875(c).   The petitioner wanted to proceed pro se and agreed to a hybrid arrangement with an appointed lawyer.   The petitioner filed a motion to dismiss the indictment based on government misconduct which the petitioner described as federal agents torturing him and his girlfriend, subjecting them to "sexual abuse" and tying them up in a naked state.

After plea negotiations, the government submitted a superseding charging document containing the threatening communication charge as Count One and adding an obstruction of justice charge under Section 1512(c)(2) as Count Two.   The Petitioner pled guilty to the latter crime and the government agreed to dismiss the threatening communication charge.   The Eighth Circuit summarized he Petitioner's admissions as follows (714 F.3d at 1060):

> [The petitioner] swore he had forged the "defamatory" documents in the civil lawsuit [the attorney] defended, he had caused the threatening e-mail to be sent to [the attorney], and he had fabricated the "torture" allegations against federal officials.

The entire statement of facts set forth in the guilty plea agreement was read into the record at the guilty plea proceeding and the Petitioner took no issue with those facts. That statement included the following statements (Doc. 88 at p. 4):

> The [petitioner] caused this e-mail to be sent in an attempt to retaliate against and intimidate [the attorney] for his actions in the civil suit….
>         *      *      *
> The defendant took these actions [sending the e-mail and exhibiting the rifle] with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede, or obstruct the official proceeding.   [The petitioner] intended the natural and probable consequences of

3

these actions, i.e., that the attorney defending against his pro se lawsuit would be frightened, intimidated, and chilled in his advocacy against [the petitioner], and potentially deterred from discovering evidence that [the petitioner] had forged the documents on which the lawsuit was based---thus interfering with the due administration of justice.

The plea agreement statement also stated that the Petitioner fabricated the charges of misconduct against the federal agents in order to retaliate against them and for the purpose of corruptly influencing the criminal prosecution against him.  When asked by the Court if he had any disagreements with any of the facts set forth in the plea agreement document, the Petitioner responded, "No, your Honor."  The factual record underscoring his guilt of the obstruction of justice charge under § 1512(c)(2) is comprehensive.

## ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PETITIONER'S CLAIM DOES NOT FALL WITHIN THE SCOPE OF § 2241

Petitioner's claim is not within the scope of claims appropriate under § 2241. Petitioner's challenge is to the validity of his conviction, which may only be presented to the sentencing court by a motion under 28 U.S.C. § 2255.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011) ("The presumptive means for a federal prisoner to challenge the validity of a conviction or sentence is a § 2255 motion filed in the sentencing court.").  By contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010).

Because Petitioner is challenging the *validity* of his conviction – rather than the fact or duration of his confinement or the execution of his sentence – he may only assert his claim pursuant to § 2255.  See Miller, 564 F.2d at 105; see also Winkelman v. Quintana, 2011 WL

4

1434614, at *4 (W.D. Pa. Apr. 14, 2011), aff'd, 440 Fed. App'x 92 (3d Cir. 2011). Indeed, Petitioner unsuccessfully brought § 2255 motions challenging his conviction before the trial court. He cannot bring the same claim under different nomenclature again. This Court lacks subject matter jurisdiction over the Petition because Petitioner's claim does not pertain to the conditions of his confinement or the execution of his sentence. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Merely styling a petition as one falling under § 2241 does not necessarily render it proper pursuant to that statutory provision. Morrison v. Guzik, Nos. 97-6351, 97-6416, 1998 WL 380539, at *2 (10th Cir. June 30, 1998).

Accordingly, the Court should dismiss the Petition for lack of subject matter jurisdiction.

## II. PETITIONER CANNOT ESTABLISH THAT THE REMEDY IN § 2255 IS INADEQUATE OR INEFFECTIVE, AND THEREFORE CANNOT AVOID THE JURISDICTIONAL REQUIREMENTS OF § 2241

Petitioner has not established that a motion pursuant to § 2255 would be inadequate or ineffective, thus the Court should not exercise jurisdiction in this case. Although § 2255 generally prohibits an inmate from attacking a sentence and conviction pursuant to § 2241, it sets forth a very narrow exception commonly known as the "savings clause." See Pollard v. Yost, 406 Fed. App'x 635, 637 (3d Cir. 2011) (citing In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997)). Specifically, the "savings clause" in § 2255 states as follows:

[a]n application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.* 28 U.S.C. § 2255(e) (emphasis added).

Thus, a § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained if the petitioner establishes that the § 2255 remedy is inadequate or ineffective. Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) (petitioner bears burden of demonstrating remedy provided by § 2255 is inadequate or ineffective).

The Court of Appeals for the Third Circuit has found the remedy under § 2255 inadequate or ineffective only in extremely rare circumstances, such as where an intervening change in the law rendered the petitioner innocent of the crime for which he had been convicted. See In re Dorsainvil, 119 F.3d at 245. The only intervening case law cited by the Petitioner that deals with his offense of conviction, § 1512(c)(2), is United States v. Petruk, 781 F.3d 438 (8th Cir. 2015). Petruk addresses the issue of "nexus" between the obstructive conduct and the official proceeding in question. The Court reversed one obstruction charge because the obstructive conduct related to a state criminal proceeding which did not fall within the definition (§ 1515(a)(1)) of "official proceeding" for purposes of §1512. Here, the Petitioner stipulated that the "federal court" defamation suit that he attempted to obstruct was an official proceeding. The Court affirmed the Petruk conviction of another obstruction charge, relating to his federal criminal case and, in so doing, reaffirmed that the catch-all language in (c)(2) - "otherwise obstructs, influences, or impedes…or attempts to do so:"- gives fair warning that the prohibited conduct is not limited to actions with respect to the records or the documents as the defendant there argued. Petitioner, here, admitted that he sent the e-mail and did exhibit the rifle "with the specific intent to …obstruct the official proceeding," the Petruk opinion provides solid legal support for his conviction under § 1512(c)(2).

Contrary to the Petitioner's argument, Elonis v. United States, 135 S.Ct. 2001 (2015), provides even less basis for relief than Petruk. First, Elonis deals with a prosecution under

6

Section 875(c) which is not the statute of conviction here. Second, the petitioner seems to read Elonis to stand for the proposition that Facebook or social media communications cannot be "threatening" under the law. That is a complete misread of the opinion, especially in light of the fact that the Petitioner punctuated his e-mail conduct by exhibiting the scoped rifle to the attorney's colleague. It is a convenient omission that the Petitioner makes no reference whatsoever to the scoped rifle in his 35-page Petition. In any event, communications of many sorts can be threatening and the admitted facts here show that the attorney-victim was, in fact, "frightened, intimidated, and chilled in his advocacy" as a result of the defendant's actions. More importantly, however, Elonis was an instructions case which addressed the issue of intent.

The Court in Elonis found fault with the conviction there under § 875(c) because the jury in that case was instructed that, on the issue of intent, the government need only prove that a reasonable person would regard the communication in question as threatening. The Court determined, however, that the focus must be on the defendant's intent rather than the victim's state of mind. In so doing, the Court ruled that criminal intent under § 875(c) is satisfied "if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that that the communication will be viewed as a threat." 135 S.Ct. at 2012. While overwhelmingly establishing the intent required for a conviction under § 1512(c)(2), the Petitioner's admissions here actually satisfy the Elonis standard for a conviction under § 875(c) as well. In any event, Elonis does not support the Petitioner's request for relief here.

Relying upon Burrage v. United States, 134 S.Ct. 881 (2014), is an even further reach for this Petitioner. Burrage is a death-resulting case under the federal drug laws. The jury there was instructed that the defendant could be convicted if it found that heroin was a contributing cause of the victim's death. The Supreme Court rejected that formulation and ruled that a conviction

could be based only on a finding that the drug was an independent or a "but-for cause" of the death, not simply a contributing cause.   134 S.Ct. at 892.   Here the Petitioner admitted that his actions had the improper purpose of obstructing the attorney and that he intended the natural consequences of his threatening actions.   Of course, at sentencing, the Petitioner attempted to back off his admissions at the guilty plea proceeding and contended that it was his work-related enemies who sent the e-mail.   The sentencing judge rejected his statements and declined to allow the Petitioner acceptance of responsibility in the Sentencing Guidelines computation.   The Court of Appeals affirmed that ruling.   It is preposterous to think that anyone other than the Petitioner sent the threatening e-mail and there is no question that it was the Petitioner who exhibited the scoped rifle.   The Petitioner has failed to meet the "actual innocence" standard with respect to his Petition for Writ of Habeas Corpus and therefore the Petition should be dismissed.

## CONCLUSION

For all the foregoing reasons, the Petitioner's request for relief should be denied and his Petition for Writ Habeas Corpus should be dismissed.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney


/s/ Michael Comber
MICHAEL A. COMBER
Assistant United States Attorney
Western District of Pennsylvania
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7485
PA I.D. 81951

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2016, a true and correct copy of the within *Response to Habeas Petition* was served electronically, to and upon the following:

> Alireza Bakhtiari
> Inmate Mail
> Registration No. 39383-044
> FCI McKean
> P.O. Box 8000
> Bradford, PA   16701

>                                                /s/ Michael Comber
>                                                MICHAEL A. COMBER
>                                                Assistant United States Attorney