IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIREZA BAKHTIARI, ) | |
|     Petitioner, ) | Civil Action No. 16-116 Erie |
| ) | |
| v. ) | |
| ) | Magistrate Judge Susan Paradise Baxter |
| MONICA RECTENWALD, ) | |
|     Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**   **RECOMMENDATION**

Before the Court is a petition for a writ of habeas corpus filed by Alireza Bakhtiari pursuant to 28 U.S.C. § 2241. It is respectfully recommended that the petition be dismissed.

**II.**   **REPORT**

    **A.**   **Background**

On August 7, 2012, Bakhtiari pleaded guilty to an obstruction of justice charge under 18 U.S.C. § 1512(c)(2) in the United States District Court for the Eastern District of Missouri (the "trial court") in Criminal Case Number 12-CR-97. In his direct appeal, the United States Court of Appeals for the Eighth Circuit provided a detailed summarization of the facts of his case. United States v. Bakhtiari, 714 F.3d 1057, 1059-60 (8th Cir. 2013). The Respondent provides additional relevant detail in the answer to the habeas petition, explaining:

> [Bakhtiari's] actions centered on a defamation suit brought by [Bakhtiari] in the Eastern District of Missouri against a corporation with which he had a contentious history. An attorney for the corporation made a motion for sanctions against [Bakhtiari] who had failed to comply with a court order directing him to make his computer available for inspection. The day after the filing of the motion, the corporate attorney received an e-mail containing obscene and abusive language and pictures of the attorney's recently-married son and daughter-in-law with rifle cross-hairs imposed on their faces. The corporate attorney took the e-mail as a threat. A few days later, a colleague of the

1

>corporate attorney along with expert witnesses went to [Bakhtiari] residence to inspect his computer. While at the residence, [Bakhtiari] pulled out a hunting rifle with an affixed scope. [Bakhtiari] popped a bullet from the chamber and asked the attorney colleague if he wanted it. The colleague took the display of the rifle as a message that [Bakhtiari] had sent the e-mail and was willing to carry out the implied threat.
>   Subsequently, a search warrant was executed on [Bakhtiari] workplace computer which revealed that he had researched the wedding photos of the corporate attorney's son and daughter-in-law and that the computer also contained their photos with cross-hairs imposed. The e-mail had been sent from a remote location and [Bakhtiari] cell phone location "hit" on a cell tower near the location at the time the e-mail was sent.
>   On March 14, 2012, [Bakhtiari] was indicted for sending a threatening communication via interstate commerce in violation of 18 U.S.C. § 875(c). [Bakhtiari] wanted to proceed pro se and agreed to a hybrid arrangement with an appointed lawyer. [Bakhtiari] filed a motion to dismiss the indictment based on government misconduct which the petitioner described as federal agents torturing him and his girlfriend, subjecting them to "sexual abuse" and tying them up in a naked state.
>   After plea negotiations, the government submitted a superseding charging document containing the threatening communication charge as Count One and adding an obstruction of justice charge under Section 1512(c)(2) as Count Two. [Bakhtiari] pled guilty to the latter crime and the government agreed to dismiss the threatening communication charge.

(ECF No. 16 at 2-3).

The Eighth Circuit Court summarized Bakhtiari's admissions as follows:

>[Bakhtiari] swore he had forged the "defamatory" documents in the civil lawsuit [the attorney] defended, he had caused the threatening email to be sent to [the attorney], and he had fabricated the "torture" allegations against federal officials.

Bakhtiari, 714 F.3d at 1060.

The Respondent explains that "the entire statement of facts set forth in the guilty plea agreement was read into the record at the guilty plea proceeding and [Bakhtiari] took no issue with those facts." (ECF No. 16 at 3). The Respondent quoted the following portion of it:

>   [Bakhtiari] caused this e-mail to be sent in an attempt to retaliate against and intimidate [the attorney] for his actions in the civil suit….
>   * * *
>   [Bakhtiari] took these actions [sending the e-mail and exhibiting the rifle] with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede, or obstruct the official proceeding. [Bakhtiari] intended the natural and probable consequences of these actions, i.e., that the attorney defending

2

against his pro se lawsuit would be frightened, intimidated, and chilled in his advocacy against [Bakhtiari], and potentially deterred from discovering evidence that [Bakhtiari] had forged the documents on which the lawsuit was based–thus interfering with the due administration of justice.

(Id. at 3-4).

The Respondent further explains that "[t]he plea agreement statement also stated that [Bakhtiari] fabricated the charges of misconduct against the federal agents in order to retaliate against them and for the purpose of corruptly influencing the criminal prosecution against him. When asked by the Court if he had any disagreements with any of the facts set forth in the plea agreement document, [Bakhtiari] responded, 'No, your Honor.'" (ECF No. 16 at 4).

On November 19, 2012, the trial court sentenced Bakhtiari to a term of imprisonment of 51-months, to be followed by supervised release for a term of three years. Bakhtiari filed a direct appeal with the Eight Circuit Court in which he challenged the sentence imposed. On May 8, 2013, it issued its decision affirming the judgment of the trial court. Bakhtiari, 714 F.3d at 1059-63.

On July 12, 2013, Bakhtiari filed in his trial court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. That action was docketed at Civil Action Number 13-CV-1344. In its subsequent opinion, the trial court explained that "[i]n his Motion, [Bakhtiari] challenges his sentence on seven grounds. First, [he] asserts the Court sentenced him using sentence-enhancing facts neither included in the GPA, nor found by a jury, thereby violating his rights under the Sixth Amendment of the United States Constitution. [Bakhtiari's] second through seventh grounds for relief contend he received ineffective assistance of counsel." Bakhtiari v. United States, 13-CV-1344, slip op. at 3-4 (E.D. Mo. Mar. 24, 2014) (Resp's Ex. 3).

3

On March 24, 2014, the trial court denied Bakhtiari's § 2255 motion and denied a certificate of appealability. Id. at 4-13. On July 16, 2014, the Eighth Circuit Court denied Bakhtiari's subsequent request for a certificate of appealability.

The 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals first certifies the filing contains a claim based on: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). See also 28 U.S.C. § 2244(a).

In May 2016, Bakhtiari, who at the time was incarcerated at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania, filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims he is "actually innocent," and, therefore, is entitled to habeas relief.

The Respondent filed the answer on November 6, 2016. (ECF No. 4). She contends that the petition must be dismissed for lack of subject matter jurisdiction. The Petitioner filed a reply on December 14, 2016. (ECF No. 19). His term of imprisonment expired on or around January 17, 2017, and it appears that he is now serving a term of supervised release.

**B.     Discussion**

**1.     Section 2255 Provides the Post-Conviction Remedy For Federal Prisoners**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v.

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[1] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"

In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). See also BRIAN R. MEANS, Postconviction Remedies § 5:7, WestlawNext (database updated July 2016). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 expressly prohibits a federal court from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause."

---

[1]   Although a motion under section 2255 is not technically a petition for a writ of habeas corpus, it is habeas corpus' practical substitute for federal prisoners. See, e.g., Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

It is only the extraordinarily rare case that falls within § 2255's savings clause. In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to include a one-year statute of limitations and the prohibition against the filing of second or successive motions. The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil applied to the Third Circuit Court for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion.[2] It concluded, however, that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional

---

[2] Although Bailey was a substantive rule that applied retroactively to cases on collateral review, Bousley v. United States, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in Bailey was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law* . . . that was previously unavailable[.]" Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

6

circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255.*" Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

    The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

    There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51 (emphasis added).

### 2.    The Petition Should Be Dismissed

This Court would have jurisdiction over Bakhtiari's petition only if he demonstrated that his request for habeas relief falls within § 2255's "savings clause." Bakhtiari contends that it does because he is "actually innocent." It is his burden to establish that this case falls within § 2255's "savings clause." See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). He has not met his burden.

7

First, Bakhtiari has completed his term of imprisonment. The Third Circuit Court found that Dorsainvil could utilize § 2241 to challenge the validity of his conviction because if he could not, he might remain incarcerated for conduct that the Supreme Court's decision in Bailey rendered noncriminal. That outcome was so fundamentally unfair that the Third Circuit Court found that Dorsainvil's was the rare case that fell within § 2255's "savings clause." Since Bakhtiari is no longer in prison, his circumstance is sufficiently distinct from Dorsainvil's such that his case no longer can present the exceptional circumstances that would permit him to challenge his § 1512(c)(2) conviction in a § 2241 proceeding.

Second, unlike Dorsainvil, Bakhtiari pleaded guilty to violating the statute at issue. That is an additional factor that distinguishes his case from Dorsainvil, and it supports the finding that Bakhtiari's case does not present the exceptional circumstance where the need for the remedy afforded by a § 2241 writ of habeas corpus is apparent.

Third, the § 2255 remedy is not rendered inadequate or ineffective so as to permit Bakhtiari to resort to § 2241 merely because, as is the case here, he is prevented by § 2255's gate-keeping requirements from litigating a second or successive § 2255 motion. In Dorsainvil, the Third Circuit Court expressly stated:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 *merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.*

Dorsainvil, 119 F.3d at 251 (emphasis added). See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Okereke v. United

States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the § 2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.").

Fourth, the cases Bakhtiari relies upon do not support his contention that he is "actually innocent" of violating § 1512(c)(2). In Elonis v. United States, — U.S. — , 135 S.Ct. 2001 (2015), the Supreme Court interpreted 18 U.S.C. § 875(c). That is not the statute of conviction in this case. As explained above, the Government dismissed the § 875(c) charge against Bakhtiari and he pleaded guilty only to one count of violating § 1512(c)(2). Bakhtiari's reliance on Burrage v. United States, — U.S. — , 134 S.Ct. 881 (2014), which the Supreme Court decided on January 27, 2014, is similarly misplaced. Bakhtiari's § 2255 motion was pending before the trial court when the Supreme Court decided Burrage. Therefore, he should have argued in that proceeding that Burrage supported his argument that his judgment should be vacated.

The only intervening case law cited by Bakhtiari that deals with his offense of conviction, § 1512(c)(2), is United States v. Petruk, 781 F.3d 438 (8th Cir. 2015). The Respondent persuasively argues that Petruk does not establish that Bakhtiari is "actually innocent." In Petruk, the Eighth Circuit Court addressed the issue of "nexus" between the obstructive conduct and the official proceeding in question. It reversed one obstruction charge because the obstructive conduct related to a state criminal proceeding which did not fall within the definition of "official proceeding" (18 U.S.C. § 1515(a)(1)) for purposes of § 1512. The Respondent points out that in his criminal case, Bakhtiari stipulated that the "federal court" defamation suit that he attempted to obstruct was an official proceeding.

Based upon all of the forgoing, Bakhtiari has not met his burden of demonstrating that this is one of those rare cases that falls within § 2255's "savings clause." Therefore, this Court should dismiss the petition.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed.[3]

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  February 24, 2017          /s/ Susan Paradise Baxter
                                   SUSAN PARADISE BAXTER
                                   United States Magistrate Judge

---

[3]    28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012). As such, the Court should make no certificate of appealability determination in this matter.