# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIREZA BAKHTIARI,<br><br>*Petitioner*,<br><br>v.<br><br>MONICA RECTENWALD,<br><br>*Respondent*. | Civil Action No. 16-116<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Before the Court are Petitioner's Objections [23] to the Report and Recommendation ("R&R") [21] of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending dismissal of Petitioner's petition for a writ of habeas corpus. Having reviewed the Petition and all other relevant material, the Court adopts the decision of the Magistrate Judge.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In or around 2009, Petitioner, acting *pro se*, brought a lawsuit for defamation against a corporation, alleging that the corporation had sent emails in which it accused Petitioner of sex trafficking. Doc. 16 (citing *United States v. Bakhtiari*, 714 F.3d 1057 (8th Cir. 2013)).[1] Defense counsel suspected that Petitioner himself had authored the allegedly-defamatory emails, and moved to inspect Petitioner's computer. 714 F.3d at 1060. The court granted the motion and ordered Petitioner to make his computer available within 14 days. Petitioner failed to do so, and Defendant moved for sanctions. The following day, defense counsel received an email containing photographs depicting, *inter alia*, rifle cross-hairs over the faces of certain of his family members.

---

[1] Petitioner filed a direct appeal challenging the computation of his sentence, which, in 2013, the Eighth Circuit upheld. 714 F.3d 1057.

1

Following a federal investigation, in March 2012, Petitioner was indicted for sending a threatening communication in interstate commerce in violation of 18 U.S.C. § 875(c). 714 F.3d at 1060. Petitioner wanted to proceed *pro se*, but ultimately agreed to a court-appointed "hybrid" attorney. Petitioner moved to dismiss the indictment "on the basis of government misconduct," alleging that the federal agents who had arrested Petitioner had subjected him and his girlfriend to "torture" and "sexual abuse." The allegations were refuted by several photographs taken during the execution of the relevant search warrant and arrest; and the Government filed a superseding charging document, additionally alleging that Petitioner had obstructed, influenced, or impeded an official proceeding, or that he had attempted to do so, pursuant to 18 U.S.C. § 1512(c)(2). *Id*.

In August 2012, Petitioner pled guilty to the § 1512(c)(2) charge, and the Government dismissed the § 875(c) charge. 714 F.3d at 1060. Petitioner, in his stipulation of facts, admitted the following: that he had forged the "defamatory" documents at issue in his civil lawsuit; that he had caused the threatening email to be sent to defense counsel in that suit; and that he had fabricated the "torture" allegations against the federal officials. The stipulation of facts was read into the record during Petitioner's plea colloquy. When asked by the district court whether he had any disagreements with the facts set forth, Petitioner responded: "No." In November 2012, Petitioner was sentenced to a 51-month term of imprisonment to be followed by a three-year term of supervised release. *Id*.

In July 2013, Petitioner moved in the trial court to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that the court had improperly calculated his sentence and that he had received ineffective assistance of counsel. *Bakhtiari v. United States*, 2014 WL 1213241 (E.D. Mo. Mar. 24, 2014). In March 2014, the court denied Petitioner's motion and denied a certificate of

appealability. *Id.* In July 2014, the Eighth Circuit denied Petitioner's subsequent request for a certificate of appealability. Doc. 21.

In May 2016, Petitioner, who, at the time was incarcerated in a federal prison in Western Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 4. Petitioner has since been released from incarceration and is serving his term of supervised release. Doc. 16-1.

In her R&R, Magistrate Judge Baxter recommends that Petitioner's petition pursuant to 28 U.S.C. § 2241 be dismissed for lack of subject matter jurisdiction. Doc. 21. Petitioner timely filed objections. Doc. 23.

## II.  STANDARDS OF REVIEW

When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted); *Cf.* Fed. Rule. Civ. Pro. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## III.  THE COURT LACKS SUBJECT MATTER JURISDICTION TO CONSIDER PETITIONER'S § 2241 PETITION

Petitioner, in his 28 U.S.C. § 2241 petition, maintains that recent case law necessitates that the Court find him "actually innocent of the unde[r]lying substantive crime" to which he pled guilty. *See* Doc. 4 at 5-7 (citing *United States v. Petruk*, 781 F.3d 438 (8th Cir. 2015); *Elonis v. United States*, 135 S.Ct. 2001 (2015)). The R&R disagreed. Doc. 21. Specifically, the R&R found

3

that claims of actual innocence—as opposed to claims challenging the duration or execution of an inmate's section—must be brought pursuant to 28 U.S.C. § 2255. *Id.* at 5, 7 (citing *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010)). Section 2255 prohibits a district court from reviewing a § 2241 petition unless it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality" of a petitioner's detention. 28 U.S.C. § 2255(e). Here, the R&R found, § 2255 is not inadequate or ineffective for two reasons. *Id.* at 7-10. First, § 2255 prohibits successive § 2255 motions; Petitioner already filed for (and was denied) § 2255 relief; and § 2255 is not "'inadequate or ineffective' merely because [a] petitioner is unable to meet the stringent" prohibition against successive petitions. *Id.* (quoting *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Second, neither *Elonis* nor *Petruk* necessitate a finding that Petitioner is actually innocent.[2] Doc. 21 at 9. In *Elonis*, the Supreme Court found that 18 U.S.C. § 875(c) requires proof that a defendant intended to issue threats, or that he knew that his interstate communication would be received as a threat. 135 S.Ct. 2001 (2015). Here, the Government dismissed the § 875(c) count, and Petitioner pled guilty only to the § 1512(c)(2) count. In *Petruk*, in relevant part, the Eighth Circuit found that a defendant who acts with the intent of obstructing a state criminal proceeding does not, as a matter of law, obstruct an "official proceeding," as required for conviction under § 1512(c)(2). 781 F.3d 438, 445 (8th Cir. 2015) (citing 18 U.S.C. § 151(a)(1)(A)). Here, Petitioner, during his plea colloquy, stipulated that he acted to obstruct a federal proceeding.

In his Objections, Petitioner continues to maintain that *Burrage*, *Elonis*, and *Petruk* necessitate a finding that Petitioner is actually innocent. *See* Doc. 23 at 7-10. For the reasons

---

[2] Petitioner, in his petition, also relies upon *Burrage v. United States*, 134 S.Ct. 881 (2014), which, the R&R points out, was decided while Petitioner's § 2255 motion was pending before the Eighth Circuit. Doc. 21 at 9. Accordingly, for the reasons detailed in the R&R, *Burrage* does not constitute an intervening change in the law that would allow the Court to review a § 2241 petition. *See id.* In any event, at issue in *Burrage* was whether a defendant can be liable for penalty enhancements under § 841(b)(1)(C) of the Controlled Substances Act when the defendant supplies controlled substances to a victim, but is not the but-for cause of the victim's death or injury. 134 S. Ct. 881 (2014). Thus, *Burrage* is irrelevant to the instant § 2241 petition. *See id.*

4

described above and in the R&R, Petitioner is incorrect. *See* Doc. 21 at 8-10. Thus, the instant case is not, as Petitioner maintains, one of the "rare" cases contemplated by *Dorsainvil* that would allow the Court to review a § 2241 petition that challenges the validity of a conviction. *See* 119 F.3d 245 (3d Cir. 1997) (finding that inmate who had previously filed a § 2255 petition could file a § 2241 petition because he was being detained for conduct that had subsequently been rendered non-criminal by an intervening Supreme Court decision, but noting that such circumstances are "rare" and "uncommon"). Accordingly, the Court lacks subject matter jurisdiction to consider Petitioner's § 2241 petition, and, therefore, the Court ADOPTS the R&R [21] and DISMISSES Petitioner's petition for a writ of habeas corpus [4].

**IT IS SO ORDERED**.

DATED this 13th day of February, 2018.

 BARBARA J. ROTHSTEIN
 UNITED STATES DISTRICT JUDGE